Next case on today's docket is the case of People v. McCoy, and we have Mr. Ting by himself. You may proceed. Thank you. May it please the Court, my name is Timothy James Ting, and I represent People, the state of Illinois. Your Honors, in my time before you today, I will show you why the trial court's judgment of sentencing should be affirmed by this Court for two reasons. Number one, this Court is precluded from hearing this appeal on its merits because it lacks subject matter jurisdiction. And number two, even if this Court had jurisdiction, the trial court properly exercised discretion when it denied the defendant for his credit of time served under electronic home detention. Your Honors, at the outset, I'm going to stress to this Court the significance of why it's precluded from hearing this appeal on the merits, and it goes directly to subject matter jurisdiction. And the Illinois Supreme Court case of People v. Flowers is particularly illustrative. In Flowers, the defendant waited 16 months before she filed a timely – or filed a 604-D motion to withdraw her negotiated plea of guilt and then her notice of appeal. And the Supreme Court stated that the trial court was divested from subject matter jurisdiction because she did not properly file a 604-D motion. The rule was clear, 30 days, clear objective standard for which to timely file a 604-D motion. By failing to do so, she divested the trial court from making any substantive determination because it lacked subject matter jurisdiction. Accordingly, the appellate court also lacked subject matter jurisdiction. The facts of Flowers are legally – are factually similar and therefore legally relevant. In here, the defendant never filed a 604-D motion, and his leave for notice of appeal was not filed until seven months, or almost seven months, from the time that he was advised of his appellate rights and was to properly file his notice of appeal and his 604-D motion if he chose to challenge his ruling, his sentencing. And you can find this on pages 92 and 93 of the record. As the Flowers court noted, a void order does not cloak the appellate court or jurisdiction to uphear the appeal on its merits. Therefore, this court is divested from subject matter jurisdiction to hear this case. Moreover, even if this court had subject matter jurisdiction, the Illinois Supreme Court once again has made a very clear law in People v. Ortega in which it stated that formal findings of facts and statements of reasons are not required by the trial court. But rather, all the trial court needs to do, and I'm quoting, is make a record adequate to allow a meaningful record of review. Here, Your Honors, we have a meaningful record of review. And I will point specifically to several instances in the record. As is stated on the common law page of the record, of 36, it says that the defendant was able to attend a funeral on March 29, 2008 while on electric home monitoring. On page 93 of the record, it says that he was able to minister for his church on two or three occasions. On page 90 of the common law record, it shows that the defendant was able to see his psychiatrist during his electronic monitoring. Lastly, on page 7 of the supplemental record, dated 10-11-07, the defendant was specifically allowed to come and go to work. And while it does not say the specific times he was able to go to work, it is definitively clear that he was able to go to work. These instances in the record give a clearer understanding that the trial court was aware of the defendant's freedom of movement during his time under electronic monitoring supervision. Therefore, the trial court was properly using its discretion when it denied the defendant time for his credit, time served during his time on electronic home monitoring. Therefore, for two reasons, this court should affirm the trial court's judgment. First and foremost, it lacks subject matter jurisdiction because the defendant failed to timely file a 604-D motion. And number two, even if it had jurisdiction, the trial court made an adequate record to show that it used its discretion properly when it denied the defendant credit for time served. I thank you for your time and your consideration. Do you have any questions that you would like to ask the State? I don't believe we do, Mr. Ting. Thank you for your briefs and arguments, and we'll take them at our under advisement. Thank you, Justice. And we now stand at recess. All rise.